IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AUXILIUM PHARMACEUTICALS, INC. and FCB I, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 13-148-SLR |
| v. | ) ) | |
| UPSHER-SMITH LABORATORIES, INC., | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE, OR IN THE ALTERNATIVE FOR LEAVE TO FILE A SURREPLY BRIEF IN OPPOSITION TO UPSHER-SMITH LABORATORIES, INC'S MOTION FOR SUMMARY JUDGMENT**

Plaintiffs submit this reply in support of their motion (D.I. 67, "Mot.") to strike portions of USL's reply brief (D.I. 64) or, alternatively, to permit Plaintiffs to file a surreply. USL's opposition to this motion (D.I. 69) warrants three brief points in response.

*First*, USL carefully avoids the fact that, while its opening brief was focused on *prosecution history* estoppel, its reply brief improperly sought to raise a separate argument that the *specification*'s discussion of skin irritation arising from certain prior art penetration enhancers bars the doctrine of equivalents. Plaintiffs' motion noted this sleight-of-hand (Mot. at 2 n.1), and it is no answer to say, as USL now does (D.I. 69 at 1-2), that its opening brief cited the specification's alleged "disparagement" of certain skin-irritating enhancers in the midst of an argument explicitly directed to argument-based estoppel. Nor does it suffice to refer generally to the "test for disclaimer" (*id.* at 2) without differentiating between alleged disclaimers arising from the prosecution history (which is what USL argued in its opening brief) and those arising from the specification (which is what USL attempts to argue for the first time on reply).

*Second*, USL does not dispute that its reply raises a new theory that its product is somehow a novel advance over the prior art. USL excuses its admitted delay in raising this argument on the ground that it was responding to certain of Plaintiffs' arguments which, according to USL, collectively "amount[] to an admission that the formulation is novel." (D.I. 69 at 2; *see also id.* at 3.) As Plaintiffs already explained (Mot. at 3 n.2), there was no such admission, and USL can argue to the contrary only by cherrypicking various statements from Plaintiffs' opposition papers and asking the Court to determine—on a summary judgment motion—that they "add up" in some way to an "admission of novelty" (D.I. 69 at 3).

*Third*, it is difficult to understand why USL believes it would be entitled to summary judgment even if its formulation *were* novel. *See, e.g., Abraxis Bioscience, Inc. v. Mayne Pharma (USA) Inc.*, 467 F.3d 1370, 1382 (Fed. Cir. 2006) (affirming finding of infringement under doctrine of equivalents despite the fact that accused equivalent was, unlike USL's formulation, separately patented). Indeed, USL can assert only that the doctrine of equivalents should "*generally* not be used to capture another's inventive work." (D.I. 69 at 3 (emphasis added) (citing *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 493 F.3d 1368, 1379-80 (Fed. Cir. 2007)). Even assuming that USL's equivalent were novel—something USL has not even tried to establish on this motion—it would be for a trial to determine whether this case falls within or without USL's posited general rule.

| ABRAMS & BAYLISS LLP | ASHBY & GEDDES |
|---|---|
| */s/ John M. Seaman* | */s/ Lauren E. Maguire* |
| John M. Seaman (#3868)<br>20 Montchanin Road, Suite 200<br>Wilmington, DE  19807<br>(302) 778-1000<br>seaman@abramsbayliss.com | Steven J. Balick (#2114)<br>Lauren E. Maguire (#4261)<br>Andrew C. Mayo (#5207)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE  19899<br>(302) 654-1888<br>sbalick@ashby-geddes.com<br>lmaguire@ashby-geddes.com<br>amayo@ashby-geddes.com |
| *Attorneys for Plaintiff*<br>*FCB I, LLC* | *Attorneys for Plaintiff*<br>*Auxilium Pharmaceuticals, Inc.* |
| *Of Counsel:* | *Of Counsel:* |
| Thomas J. Fleming<br>Howard J. Smith<br>OLSHAN FROME WOLOSKY LLP<br>Park Avenue Tower<br>65 East 55th Street<br>New York, NY  10022<br>(212) 451-2213 | Paul J. Berman<br>Keith A. Teel<br>Michael N. Kennedy<br>Erica N. Andersen<br>COVINGTON  & BURLING LLP<br>1201 Pennsylvania Ave., NW<br>Washington, DC  20004<br>(202) 662-6000 |

Dated:  June 20, 2013